MAY 07 2021

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

STEPHEN P. KELLY,
General Delivery.
U.S. Post Office,
Wolf Creek, MT 59648,
   Plaintiff,

VS.

DIRECT EXPRESS INC., a Texas
corporation, P.O. Box 245998.
San Antonio, Texas 78224,
   Defendant(s).

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,

(1)

DAMAGES, AND SPEEDY HEARING

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff (KELLY), and sues the defendant's, DIRECT EXPRESS INC., a Texas corporation, alleging:

(a) Common Law fraud, (b) Unlawful concealment of federal funds, and (c) Racketeering.

NATURE OF THE CASE

(2) This case is predicated upon the "related" nature of (RICO), upon the civil aspects, where a common financial "scheme" exists, in that, defendant's are corruptively concealing

(2)

(STIMULUS) funds, and "holding" those concise nature of funds from Plaintiff, including a "widespread" numeration of Social Security patron's, and those partie's entitled to Stimulus payment's as such, where (RICO) may apply in the "Racketeering", existing that defendant's an out of State financial institution, are most unlawfully collecting financial interest on a current customer, or former customer(s) such as Plaintiff, and most corruptively, and "unlawfully" holding Stimulus payment's for an excessive and lengthy period of time solely in which to collect a large financial amount of "interest"!

(3) A sincere federal question rises in this concise case, where should (RICO), and racketeering apply?

(3)

(4) corporate defendant's, DIRECT EXPRESS INC., exists as a <u>federal contractor through the united states department of Treasury</u>!

PARTIS

(5) Plaintiff, STEPHEN P. KELLY, is <u>a long time former customer of, defendant's</u> DIRECT EXPRESS INC.

(6) KELLY, is a recipient of the U.S. Social Security administration, and once a lengthy period of time prior, utilized the defend--ant's, (DIRECT EXPRESS debit card services in which to receive his S.S.I. Payment's,

(7) corporate defendant's DIRECT EXPRESS exists as an assigned contractor for the U.S. Department of Treasury as to S.S.I., and

(4)

social security payment's being placed upon a direct express debit card.

(8) Further, DIRECT EXPRESS is also <u>responsible by direction of Treasury in which to generate consice payment's for "stimulus funds"</u>, originally paid to entitled recipient's such as Plaintiff KELLY, and a "<u>widespread numeration</u>" of <u>other entitled citizen's</u>!

## JURISDICTION AND VENUE

(9) This court obtains subject matter jurisdiction over this case pursuant to the federal (RICO) act, 18 U.S.C. § 1962, upon the civil aspects of law.

(10) Further jurisdiction is predicated upon diversity of citizenship, where the

Parties are citizens of different states. 28 U.S.C. § 1332.

(11) Plaintiff, STEPHEN P. KELLY, is a citizen of the State of Montana, and has resided in Montana at all times material to this action.

(12) Corporate defendant's obtains its principal place of business outside of the State of Montana, and in the State of Texas.

(13) Corporate defendant's, is and has been, doing business in the State of Montana, and has resided its business in the State of Texas at all times material to this action.

(14) Plaintiff, KELLY'S financial injury rose in the State of Montana.

(6)

(15) Venue is proper in the district of Montana because each event giving rise to this action accrued in the district of Montana. 28 U.S.C. § 1391.

## STATEMENT OF FACTS

(16) Plaintiff, KELLY in fact signed up, and opened an account with the Direct express debit card services seven years previous to date.

(17) KELLY, two year's previous to date, <u>made most clear</u> to defendant's Direct Express debit card services to terminate and void out his account, yet Direct Express "<u>unlawfully</u>" refused and kept his account current, despite KELLY'S customer direction, at which <u>clearly violates</u>

<u>federal legislation</u>, under <u>the federal consumer protection act</u>, "<u>banks and banking</u>"!

(18) Defendant's, DIRECT EXPRESS debit card services, upon the face of "<u>stimulus package" issues</u>, approaved by U.S. Congress, <u>right out refused to directly to the U.S. Department of Treasury</u> to even so much as handle and distribute any such "stimulus payment's", to direct express depit card holders, however, U.S. Treasury Secretary, Steven Mnuchin, entered a <u>firm administrative order</u>, [non flexible], directing Direct Express, to generate <u>without delay</u>, stimulus payment's.

(19) The Internal Revenue Service, (I.R.S.), in sincere mistake, <u>but</u>

(8)

"<u>not at fault</u>" sent KELLY'S $600.00, stimulus payment over to an (<u>OLD</u>) <u>direct express debit card</u>, and upon <u>multiple attempts has in fact demanded that direct express return KELLY'S $600.00, stimulus payment</u> back into the U.S. Department of Treasury, "Bureau of the fiscal service".

(20) The Internal Revenue Service in Fresno California, <u>(Service Center)</u>, has in fact made <u>very clear to KELLY, of their offices numerous attempts in which to ensure his concise $600.00 stimulus payment</u> be returned to the U.S. Department of Treasury, in order for KELLY, to now receive a paper Treasury check for his past due, $600.00, stimulus payment.

(21) Upon such time at which Plaintiff, KELLY entered a telephone inquiry into Direct express, the agent, customer service representative, most "shockingly" noted to KELLY, that Direct express is holding all stimulus payment's for a "lengthy period of time", of six months sufficing that the company could in fact collect financial interest on those concise stimulus monies! Most "unlawful", and because of its widespread activity and "conspiracy" to cause financial injury upon an excessive numeration of (a) current customer's, and (b) former customer's, such as KELLY, (RICO) sincerely suffices!

(22) The Direct express customer service representative further advised Plaintiff, KELLY that

Direct express was not required to comply with U.S. Treasury mandates, or directives!

(23) Under federal law, U.S. Treasury obtains every lawful right in which to demand their official contractor to comply with federal legislation. This concise act at the hands of Direct express, in fact nudges far over the legal line into (a) corruption, (b) common law fraud, and (c) racketeering, sufficing, (RICO).

(24) A sincere "conspiracy" exists here, where any financial institution, and concisely a federal contractor, may not utilize an emerg- ency fund such as stimulus payment's in a corrupt scheme and an avenue in which to inherit "financial gain"! (collecting interest as such.

(11)

## LEGAL STANDING

(25) Plaintiff, KELLY in fact obtains clear PLAUSIBILITY in which to sue defendant, at a clear cause that he is in fact a former customer, and former card holder of, Direct express, and in addition to the material fact, a "widespread numera- -tion" of defendant's card holder's are also suffering financial injury, where further, KELLY, has and still yet, suffers financial injury at the hands of his former financial instit- -ution, "Direct express".

## COPLEXITY OF RICO

(26) In "Rajaratnam, vs. Montley Rice L.L.C, et-al, 18- cv-3234-2020-WL 1476171, 9 L.ed. N.Y. March, 26th, 2020, in

dismissing Rajaratnam's claims, the court ruled that (RICO) provides a powerful incentive for plaintiffs to attempt to file garden variety fraud claims within the standard of civil RICO due to the allure of treble damages, attorney fees, and federal jurisdiction, in turn justifying the need for courts to police carefully RICO's threshold requirements. Rajaratnam, 2020 WL at 9.

(27) This was in light of a Second Circuit's recent decision in the "Holvorssen" case, in the Southern District of New York, as to the subject of a recent "Dechert on point"!

(28) Sufficing a valid RICO claim, a plaintiff, party must allege other facts such as, (a) a pattern of racketeering activity by

(13)

a RICO "enterprise", such as here with the Direct express corporation, a federal financial contractor!

## THRESHOLD FOR CIVIL RICO

(29) One of the key factors to establishing a pattern of racketeering activity is alleging that the predicate acts were sufficiently conti-nuous within the meaning of (H.J., INC, vs. Northwestern Bell telephone Co., 492 U.S. 229, (1989).

(30) There in fact exists two types of continuity, open-ended, and close ended, where open ended continuity applies when the predicate acts appear to have haulted, but at one time "continued" for a sufficient amount of time!

(14)

(31) The "pattern" aspect of a "pattern of racketeering activity" has been held in federal court to require that "each of the individual predicate acts be in some way related to the others"!

(32) In this case for certain, the predicate acts at the hands of Direct Express, are in fact hereby "related" to all facts!

INTERSTATE COMMERCE REQUIREMENTS

(33) ALL RICO complaints must allege that the offending activities affected the "exchange" of interst--ate commerce. Direct express is a Texas corporation, and is diverse to Montana, where Plaintiff's financial injury rose!

## CLAIM ONE

(34) Plaintiff has in fact established a "pattern" of racketeering, and a corrupt "scheme", in defendant's utilizing federal funds in which to most "unlawfully" collect financial interest on stimulus funds.

## CLAIM TWO

(35) Plaintiff has in fact clearly shown and established "interstate commerce", where the offending actions effected the "exchange" of interstate commerce. Direct express is a Texas financial corporation, and does business in the state of Montana, where Plaintiff's financial injury rose!

(16)

## CLAIM THREE

(36) Defendant's, Direct express has, and is <u>still, unlawfully concealing and holding plaintiff's $600.00 stimulus payment,</u> and is to date, refusing to return plaintiff's stimulus money back into the hands of U.S. Treasury!

## RELIEF

**WHEREFORE**, upon the premises considered it is respectfully requested upon this honorable court the entry of a judgment as follows:

(a) Enter declaratory judgment finding that defendant's have been, and are still yet, holding plaintiff's stimulus funds, including a widespread numeration of

(17)

other stimulus payment recipients.

(b) enter an order enjoining defendant's from continuing to hold plaintiff's stimulus funds, and the failure of defendant's to promptly return to the U.S. Treasury, plaintiff's $600.00, stimulus payment.

(c) award plaintiff with reasonable costs of interest collected unlawfully, in an amount deemed proper by this court.

I declare under penalty of perjury the foregoing to be true and correct.

Signed this 3rd day of May, 2021.

_Stephen P. Kelly_
(SIGNATURE OF PLAINTIFF)

(18)